**Order filed May 7, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00127-CV

_____

## IN RE ROBERT M. SPRAGUE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-48988**

---

## CONTINUING ABATEMENT ORDER

On February 11, 2014, relator Robert M. Sprague filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221. In the petition relator complained of a number of pretrial evidentiary rulings issued by The Honorable Judy Warne, Judge of the 257th District Court, Harris County, Texas, in trial court cause number 2005-48988, styled *In the Matter of the Marriage of R.M. Sprague and D.L. Sprague*.

This court requested a response to the petition from real party in interest to be filed on or before February 18, 2014. On February 18, 2014, the parties in the

underlying case filed a joint motion to suspend this court's deadline for filing a response to the petition because the parties are attempting to settle the case. On February 25, 2014, we granted the parties' motion to suspend, abated the case for a period of thirty days from the date of the abatement order, and directed relator and real party in interest to advise this court of the status of the settlement.

On March 27, 2014, real party interest advised this court that the parties are still attempting to settle the case, and requested that the abatement be continued. We granted the request and issued an order on April 4, 2014, continuing the abatement of the case for an additional period of thirty days, and directed relator and real party in interest to advise the court of the status of the settlement.

On May 2, 2014, real party in interest advised this court that the parties are still attempting to settle the case, and requested that the abatement be continued. We **GRANT** the request.

Therefore, the abatement of this case is continued for an additional period of thirty days, at which time relator and real party in interest are directed to advise the court of the status of the settlement. The original proceeding will be reinstated on this court's active docket when the parties file a motion to dismiss the original proceeding or other dispositive motion. The court also will consider an appropriate motion to reinstate the original proceeding, or the court may reinstate the original proceeding on its own motion.

It is so ORDERED.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Wise.